IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

CHRISTOPHER GOODVINE,

    Plaintiff,                                           OPINION AND ORDER

    v.                                                          16-cv-703-wmc

J. LITSCHER, C. JESS, J. SCHWOCHERT,
M. SAUNDERS, K. KALLAS, S. ECKSTEIN,
S. SCHUELER, J. KIND, MS. FRANCOIS,
J. LUTSEY, DR. ANKARLO, DR. STEVEN
SCHMIDT, DR. CHING, DR. FORBES,
DR. SCHWARTZ-OSCAR, CAPT. M.
SCHULTZ, CAPT. VANLANEN, JANE/JOHN
DOE NURSES 1-4, SGT. KEILER-HERT,
SGT. MEJIA,

    Defendants.
_____

*Pro se* plaintiff Christopher Goodvine is proceeding in this case on claims that prison staff at the Green Bay Correctional Institution ("GBCI") violated his rights under the Eighth Amendment, as well as state law, by failing to protect him from harming himself and subjecting him to harsh conditions of confinement. Goodvine has filed several motions for preliminary injunctive relief regarding his conditions of confinement, mental health treatment, access to the court and interference with his mail, among other things. The court held telephone conferences on July 21, July 26 and August 8, 2017, to discuss Goodvine's motions and his conditions of confinement. At the telephone conference on July 26, 2017, the court heard from Captain Jay VanLanen and Psychologist Jennifer Harris-Forbes regarding Goodvine's current cell conditions and treatment plan. Additionally, Goodvine and defendants have

1

submitted numerous documents related to the motions, including copies of Goodvine's psychological services file and related conduct reports, incident reports and investigations.

As explained at today's telephone conference, the court recognizes that Goodvine's situation is challenging both for himself and DOC. After considering all of the materials presented by the parties thus far, as well as Goodvine's history in this court and the Eastern District of Wisconsin, the court believes that mediation provides the most promising chance for crafting a resolution that could be beneficial to both sides.

At the court's suggestion, both Goodvine and defendants have agreed to mediate this case with Eastern District of Wisconsin Magistrate Judge David Jones. As such, the court will stay defendants' deadline for filing a responsive pleading to the complaint pending completion of that mediation. As for Goodvine's outstanding motions, the court ruled at today's telephone hearing as set forth in the order below.

ORDER

IT IS ORDERED THAT:

1. Plaintiff Christopher Goodvine's Motion for Immediate Screening and Preliminary Injunction with Expedited Evidentiary Hearing (dkt. #7) is STAYED pending mediation;

2. Motion for Order Allowing Goodvine to E-File Documents, for Ink Pen, Access to Lexis Program and In Camera Review (dkt. #22) is DENIED as moot;

3. Motion Describing More Detailed Request for Specific Relief (dkt. #24) is STAYED pending mediation;

4. Motion for Order Directing VanLanen to Return Documents (dkt. #25) is DENIED as moot;

5. Motion for Interim Order Directing VanLanan's Subordinate to Refrain from Withholding Mail (dkt. #31) is DENIED as moot;

6. Motion Regarding Intimidation of Officers Relating to No-Contact Restriction (dkt. #32) is STAYED pending mediation; and

7. Defendant's deadline for filing a responsive pleading is STAYED pending mediation.

Entered this 8th day of August, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge