IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHRISTOPHER GOODVINE,

      Plaintiff,

v.

J. LITSCHER, C. JESS, J. SCHWOCHERT,
M. SAUNDERS, K. KALLAS, S. ECKSTEIN,
S. SCHUELER, J. KIND, MS. FRANCOIS,
J. LUTSEY, DR. ANKARLO, DR. STEVEN
SCHMIDT, DR. CHING, DR. FORBES,
DR. SCHWARTZ-OSCAR, CAPT. M.
SCHULTZ, CAPT. VANLANEN,
DR. AHEN, JANE/JOHN DOE NURSES 1-4,
SGT. BONIN, SGT. KEILER-HERT,
SGT. MEJIA, ST. VINCENT'S HOSPITAL and
JANE/JOHN DOES 5-8,

      Defendants.

OPINION and ORDER

Case No. 16-cv-703-wmc

---

    The court is in receipt of plaintiff Christopher Goodvine's Motion to Lift Stay (dkt. #38) and supporting letter (dkt. #39). Goodvine explains that the mediation did not result in a settlement, and he seeks an order reopening his outstanding motions and requests, all of which were stayed pending mediation. Based on the ample record in this case as a whole and for the reasons that briefly follow, the court will (1) grant plaintiff's motion in part by lifting the stay and ordering production of certain documents (if they exist), while denying the other requested relief; and (2) transfer this case to the Eastern District of Wisconsin—Green Bay Division.

    As previously noted, Goodvine has been extraordinarily litigious, having filed at least twenty lawsuits in this district and the Eastern District of Wisconsin since 2006. He is beyond

reasonable dispute bright and deeply troubled, which has proved a remarkably challenging combination during his periods of state and county incarcerations.

Currently pending before this court are: (1) this case concerning the ongoing conditions of his confinement in the Green Bay Correctional Institution ("GCBI"); and (2) *Goodvine v. Richards*, Case No. 17-cv-187-wmc, related to time he spent relatively recently in the Columbia County Jail before his latest state incarceration. In addition, Goodvine currently has two lawsuits pending in the Eastern District of Wisconsin: (3) *Goodvine v. Fond du Lac Cty.*, Case No. 1:17-cv-390-NJ, concerning additional time he spent in the Fond du Lac County Jail; and (4) *Goodvine v. Vandewalle*, Case No. 2:16-cv-890-PP, concerning the manner in which officials at GBCI responded to his mental health problems. Those cases were also part of the failed global mediation.

The court stayed Goodvine's motions in this lawsuit in the hope that Goodvine could reach a settlement that would resolve all of his pending cases, while also addressing his ongoing need for psychiatric treatment. The mediation having failed, there is no reason to continue the stay, nor to delay defendants' production of additional, requested documents, to the extent they exist. In contrast, Goodvine's history of self-harm make his request for access to a pen unreasonable, particularly since he has used pens and pen inserts to harm himself seriously in the past and demonstrated the ability to communicate quite effectively with a crayon.

Regardless, the court is even more convinced that consolidation of his CBCI cases before one judge will best promote the "just, speedy, and inexpensive" resolution of his claims. *See* Fed. R. Civ. P. 1. In addition, because the principal claim in this case is for injunctive relief against officials at GCBI, which is located in the Eastern District of Wisconsin, venue is not only proper there, but the Green Bay Division is the most likely location to be able to facilitate

meaningful progress toward the lawsuits' efficient resolution, particularly given the challenges of dealing with Goodvine's acts of self-harm, distrust, lack of cooperation and apparent long term placement in segregation. Pursuant to 28 U.S.C. § 1404(a), the court is, therefore, transferring this case there, including the pending motion for a preliminary injunction and use of GBCI's law library.[1]

ORDER

IT IS ORDERED that:

1. Plaintiff's Motion to Lift Stay (dkt. #39) is GRANTED in part and DENIED in part, as provided above.

2. The clerk of court is directed to TRANSFER this matter to the Eastern District of Wisconsin -- Green Bay Division for further proceedings.

Entered this 8th day of September, 2017.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge

---

[1] The court sees no basis to transfer Case. No 17-cv-187 to the Eastern District of Wisconsin because the jail and all defendants are located in this district, but would certainly agree to do so for reasons of judicial economy if the parties jointly stipulated to its consideration there.